IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRANDY NELSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 10-CV-2700 JTM/JPO |
| ) | |
| LAW OFFICE OF ) | |
| LARRY ROACH, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, BRANDY NELSON, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, LAW OFFICE OF LARRY ROACH, Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. BRANDY NELSON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Wichita, County of Sedgwick, State of Kansas.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Bank of America (hereinafter "BOA").

6. The debt that Plaintiff allegedly owed BOA was for a credit card, the charges on which were incurred for the personal use of Plaintiff and/or for Plaintiff's household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. LAW OFFICE OF LARRY ROACH, (hereinafter, "Defendant") is a law firm engaged in the collection of debt within the State of Kansas. Defendant is registered as a corporation in the State of Ohio.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.    A<small>LLEGATIONS</small>

14. In or around November 2010, and on multiple occasions therein, Defendant initiated telephone calls to Plaintiff and left Plaintiff voicemail messages.

15. In or around November 2010, Laura, Defendant's duly authorized representative, initiated a telephone call to Plaintiff and left Plaintiff a voicemail message.

16. During the course of the aforementioned voicemail message Laura stated "this is Laura at the Law Office of Larry Roach."

17. During the course of the aforementioned voicemail message, Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt, and that any information obtained would be used for that purpose.

18. The aforementioned statements, in conjunction with Defendant's failure to apprise Plaintiff that it was a debt collector, had the effect of conveying to an unsophisticated consumer that Laura was an attorney.

19. Despite the fact that Defendant is a law firm, upon information and belief, Laura is not an attorney.

20. At no time during the course of the aforementioned voicemail message did Laura apprise Plaintiff that she was not an attorney.

21. After receiving the aforementioned voicemail message, Plaintiff believed that she had been contacted by an attorney from Defendant.

22. On or about November 9, 2010, after having received the aforementioned voicemail message, Plaintiff initiated a telephone call to Defendant and engaged in a telephone conversation with Krystal, Defendant's duly authorized representative.

23.     During the course of the aforementioned telephone conversation, Defendant informed Plaintiff that she had until 7:00 p.m. that evening, November 9, 2010, to contact Defendant and pay, in full, the debt that she owed to BOA.

24.     Plaintiff inquired whether she would be able to enter into a payment plan with Defendant so that she could pay the debt she allegedly owed to BOA.

25.     Defendant reiterated to Plaintiff that she had to pay the debt in full by the aforesaid time period.

26.     Defendant further informed Plaintiff that if she did not contact Defendant by 7:00 p.m. that evening then Defendant would mark Plaintiff's account as a refusal to pay.

27.     Plaintiff never informed Defendant that she refused to pay the debt on which it was attempting to collect.

28.     During the aforesaid telephone conversation, Defendant then told Plaintiff that if she did not contact Defendant by 7:00 p.m. that evening to pay the debt then Defendant would take legal action against Plaintiff.

29.     Defendant's representations, as delineated above, had the effect of conveying to an unsophisticated consumer that if Plaintiff did not contact Defendant by the aforesaid time period then Defendant would file a lawsuit against Plaintiff.

30.     Defendant has not filed a lawsuit against Plaintiff for the debt she allegedly owes.

31.     Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt she allegedly owes.

32.     Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

33. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

34. In its attempts to collect the debt allegedly owed by Plaintiff to BOA, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Falsely represented either directly and/or by implication that he was an attorney and/or that the communication was from an attorney in violation of 15 U.S.C. §1692e(3);

   c. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

   d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   e. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

   f. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

   g. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

35. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.   JURY DEMAND

36. Plaintiff hereby demands a trial by jury on all issues so triable.

37. The Plaintiff, BRANDY NELSON, by and through her attorneys, Larry P. Smith & Associates, Ltd., hereby respectfully requests that the trial of this matter proceed in Kansas City.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BRANDY NELSON, by and through her attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

                                    Respectfully submitted,
                                    **BRANDY NELSON**

                          By:    s/ D. Matthew Durgin
                                    Attorney for Plaintiff

Dated: December 29, 2010

D. Matthew Durgin (Atty. No.: 21557)
LARRY P. SMITH & ASSOCIATES, LTD.
8508 W. 90th Terrace
Overland Park, KS 66212
Telephone:  (913) 908-2313
                (312) 222-9028
Facsimile:   (888) 418-1277
E-Mail:      mdurgin@smithlaw.us